Taylor, Chief Justice
 

 All that the law requires in aft indictment of this kind is, that the facts shall be so • charged, as to show that a breach of the peace had been committed, and not merely a civil trespass. Laying the offence to have been committed
 
 vi ct armis
 
 does not itself Show this, for that is no more force than the law implies; a,nd these words, as applied to forcible entry, were not deemed sufficient to show that a breach of the peace had been committed in the cases from 3
 
 Burr.
 
 1700. 1730. and accordingly the indictments which contained only those words were quashed, while those containing “with a strong hand” were sustained. But the case of
 
 Rex
 
 v.,
 
 Btorr
 
 contains internal evidence, that if actual force had been shown on the face of the indictment, the words
 
 vi el ■armis
 
 would have been sufficient. For the counsel for the prosecution, in arguing, say, “ one man may commit a breach of the peace, though not a riot; he might be armed with pistols for aught that appears, and this might be, possibly, proved.” To this the Court answers, “ coming with a pistol, though possible, is not to be sup-, posed;” thereby implying, that if the fact of coming with a pistol had been laid in the indictment, it would have been a circumstance in itself naturally implying such a degree of force as was indictable; and the want of this violence cannot be supplied by the insertion of the common formal words. The doctrine of these cases is confirmed by the case of
 
 Rex
 
 v.
 
 Wilson and others,
 
 (8
 
 Term
 
 Rep. 357.) which was an indictment at common law, charging the defendants with having unlawfully and with a strong band entered the prosecutor’s mill and expelled him from
 
 *383
 
 the possession. This indictment was demurred to, because upon the face of it it charged only a private trespass and not a public breach of the peace indictable. But the demurrer was overruled, the Court holding that the words “ with a strong hand” implied that degree of force which eonstituted the offence; that no particular technical words are necessary in such an indictment; but that it should appear that such force and violence were used as constituted a public breach of the peace. It is true that some stress was laid upon the circumstance, that the twelve defendants, with force and arms and with a strong hand, expelled the prosecutor. The principles ascertained in these cases show beyond a doubt, that this indictment is maintainable, for in it is laid an actual and violent breach of the peace, which does not require the aid of the words “ with strong hand,” and such a breach of the peace as .if set forth in those indictments in 3
 
 Burr,
 
 they would not have been quashed. These men were armed with guns, which they fired at the house of an unprotected female, thus exciting her alarm for the safety oí her person and her property. This is the
 
 corpus delicti;
 
 the killing the dog is laid as matter of aggravation, and to show the temper of mind by which the defendants were impelled; it would have been, therefore, quite superfluous to state any ownership in the dog. If any doubt can exist that the offence so charged amounts to a breach of the peace, it will be removed by what is said by Sergeant
 
 Hawkins
 
 in a passage deriving additional authority by being transcribed by that judicious writer Dr.
 
 Burns,
 
 into his book on
 
 Justices of the Peace, title “ Affray”
 
 « Although no bare words in the judgment of law carry-in them so much terror as to amount to an affray, yet it seems certain there may be an affray when there is no actual violence: as when a man arms himself with dangerous and unusual weapons, in such a manner as will naturally cause a terror to the people; which is said always to have, been an offence at common law, a«d iv'
 
 *384
 
 strictly prohibited by statute.”
 
 (1 Ilauokins
 
 136.) On these reasons and authorities, I think the judgment must be reversed.
 

 Harr and Henderson, Judges, concurred.